UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**    IN CHAMBERS ORDER re DEFENDANTS' MOTION TO DISMISS [18]

**I.    INTRODUCTION**

    On October 27, 2011 *pro se* Plaintiff, Robert J. Jaffe, M.D. ("Jaffe") filed a Complaint seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Plaintiff named four federal judges as defendants: Judge Pregerson of the Central District of California, and Judge Canby, Judge Thomas and Judge Fletcher of the Ninth Circuit Court of Appeals.  On January 4, 2012, Defendants filed the instant Motion to Dismiss. Defendants' Motion is hereby GRANTED WITH PREJUDICE for the reasons set forth in this Order.  The hearing scheduled for February 6, 2012 is hereby VACATED.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff, a physician, was employed at Kaiser Foundation Hospital (the "Hospital") in Panorama City, California.  (Compl. ¶ 7).  On August 1, 1994, after an administrative hearing, the Hospital recommended termination of Plaintiff's "hospital privileges."  (Id. at ¶ 17).  Plaintiff filed an action in Los Angeles Superior Court against the Hospital in which he sought to overturn the Hospital's termination of his "hospital privileges" based on alleged due process violations.  (Id.).  On January 10, 2003, Los Angeles Superior Court Judge David P. Yaffe upheld the Hospital's decision.  (Id. at ¶¶ 8, 20-23).  The California Court of Appeals affirmed Judge Yaffe's decision.  (Id. at ¶ 26).  Plaintiff alleges that both state court decisions were the product of "extrinsic acts of fraud upon the court."  (Id. at ¶¶ 8, 22-23).  Plaintiff further alleges that Judge Yaffe "falsely stated that Plaintiff had  not raised issues before the Hospital's Appellate Review Board."  (Id. at ¶ 24).  Moreover, Plaintiff alleges that "the Appellate Court *upheld* Judge Yaffe's judgement *through their own extrinsic acts of fraud upon the court*."  (Id. at ¶ 26) (emphasis in original).
    On December 18, 2006, Plaintiff filed a complaint in this Court in which he requested that one of

                                                                                                                                                :
                                                        Initials of Preparer            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

the Defendants in this action, District Judge Pregerson, set aside the state courts' judgments on the basis of extrinsic fraud under Fed .R. Civ. P. 60(b).[1]  See Jaffe v. Yaffe, et al., CV 06-8094-DDP(JTLx) (Compl. ¶ 27; Exhibit A).  (Compl. ¶ 27).  Judge Pregerson granted the defendants' motion to dismiss for lack of subject matter jurisdiction, and the Ninth Circuit affirmed.  (Id. at ¶¶ 10-14, 28-33; Exhibits A, C, and D).

Plaintiff maintains that Judge Pregerson's actions were fraudulent because he "falsely stat[ed] that his court did not have subject matter jurisdiction."  (Id.).  Plaintiff further alleges that the Ninth Circuit "committed their own acts of fraud [by] upholding the District Court's order [and] refus[ing] to comment on the district court justice's [sic] actions of fraud upon his court."  (Id. at ¶ 13).  On October 7, 2011, Plaintiff filed the instant action, seeking relief from the judgements in the earlier cases.  (Dkt. No. 1).  Plaintiff alleges that Defendants "obtained and sustained a fraudulent judgment through their acts of extrinsic fraud upon their respective courts."  (Compl. ¶ 34).

### III.   LEGAL STANDARD

#### A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).  However, the Court must consider that *pro se* litigants are held to a less stringent standard.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) ("[W]e hold [that *pro se* litigants are held] to less stringent standards than formal pleadings drafted by lawyers.").  However, even *pro se* litigants "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party.  Daniel v. County of

---

[1] Plaintiff's allegations in Jaffe v. Yaffe, et al., CV 06-8094-DDP(JTLx), against the state court judges are essentially identical to the allegations made against the Defendants in this action.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**IV.    DISCUSSION**

   **A.    Judicial Immunity[2]**

As noted above, all four defendants in this matter are federal judges. Defendants argue that they are immune from suit because of the doctrine of judicial immunity and that Plaintiff's Complaint should therefore be dismissed with prejudice. (Mot. 1:17-19). The Court agrees.

"The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (quoting Mullis v. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040, 100 L. Ed. 2d 616, 108 S. Ct. 2031 (1988)); Atkinson-Baker & Assocs. v.Kolts, 7 F.3d 1452, 1454 (9th Cir. 1993) (per curiam) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). The doctrine of judicial immunity has two limits. "First, a judge will be subject to liability . . . when he has acted in the 'clear absence of all jurisdiction.'" Moore, 96 F.3d at 1244 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978)). Second,

---

[2] Because the Court finds that Plaintiff's suit is barred by the doctrine of judicial immunity, the Court need not address whether Plaintiff has sufficiently alleged fraud on the court.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

"absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (citing Forrester v. White, 484 U.S. 219, 227, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988)). Further, whether judicial immunity applies may be determined based on the allegations in the complaint. See Moore, 96 F.3d at 1243-44 (affirming dismissal based on Fed. R. Civ. P. 12(b)(6)); Mullis, 828 F.2d at 1387 n.6 ("The issue of entitlement to absolute judicial immunity for acts alleged in the complaint properly may be decided on a motion to dismiss.").

>   1. **Plaintiff Fails to Allege Facts That Defendants "Acted in the Clear Absence of Jurisdiction."**

Plaintiff has failed to allege any facts indicating that Defendants "acted in clear absence of jurisdiction." Whiel Plaintiff argues that judicial immunity does not apply because he is not seeking monetary relief, judicial immunity "extends to actions for declaratory, injunctive and other equitable relief." Moore, 96 F.3d at 1243-44. Further, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105 (1978). The doctrine of judicial immunity applies even where a judge acts in excess of his jurisdiction. Wagenknecht v. United States, 533 F.3d 412, 418 (6th Cir. 2008) (citing Stump, 98 S. Ct. at 1104) ("A judge who acts in excess of his jurisdiction is immune from suit, whereas a judge who acts in *clear absence* of any jurisdiction might not be immune from suit.") (emphasis added).

Plaintiff claims that Judge Pregerson committed fraud by "falsely stating that his court did not have subject matter jurisdiction" over Plaintiff's claim.[3] (Compl. ¶ 10). However, Judge Pregerson's dismissal of Plaintiff's claim was clearly within that Court's jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). Further, the Ninth Circuit's affirmance was in no way "in the clear absence of jurisdiction." Stump, 435 S. Ct. at 1105; see also Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 381, 4 S. Ct. 510, 511 (1884) (reversing circuit court for failing to consider subject matter jurisdiction). Accordingly, the Court finds that the Defendants' alleged actions were not "in the clear

---

[3]Plaintiff argues that "[f]ederal law provides no immunity exception for judges committing fraud on the court." (Opp'n 14:16-18). Plaintiff quotes language from Bulloch v. United States, 763 F.2d 1115 (10th Cir. 1985) stating that fraud upon the court exists "where a judge has not performed his judicial duties." Id. at 1121. Bulloch provides that fraud upon the court has occurred "where a judge has not performed his judicial duties--thus, where the impartial functions of the court have been directly corrupted." Id. Plaintiff's Complaint arises solely from Defendants' performance of their judicial duties. Accordingly, the Court finds that Plaintiff's argument is meritless.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

absence of all jurisdiction."

### 2. Plaintiff Fails to Allege Facts That Defendants' Actions Were Administrative

In order for judicial immunity to apply, a judge's acts must be "judicial" in nature, and not "administrative." Duvall, 260 F.3d at 1133. Courts consider several factors when determining whether an act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Id. (citing Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999). Conversely, administrative acts are "actions which are significant[,] independent of the fact that the actor is a judge, such as the hiring or firing of staff members." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992). A plaintiff's conclusory allegations that a judge acted administratively are not enough to survive a motion to dismiss. Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986).

As noted above, Plaintiff alleges that: (1) Judge Pregerson acted fraudulently in dismissing Plaintiff's complaint for lack of subject matter jurisdiction; and (2) the Ninth Circuit acted fraudulently by affirming Judge Pregerson's decision. (Compl. ¶¶ 10, 13). Plaintiff alleges no facts indicating that any of the Defendants' actions were "administrative" in nature. Rather, Plaintiff's allegations solely implicate the Defendants' legal findings, which are clearly "judicial" acts. See, e.g. Moore, 96 F.3d at 1244 (holding that an alleged conspiracy between a judge and a lawyer to predetermine the outcome of a trial was not "administrative"); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (same); Duvall, 260 F.3d at 1133 (holding that denial of a litigant's motion to be provided a device to accommodate his severe hearing impairment was not "administrative"). Plaintiff's claims arise "directly and immediately out of a confrontation with the judge in his or her official capacity" and "center around a case then pending before the judge." See Duvall, 260 F.2d at 1133. Accordingly, the Court finds that none of the actions cited by Plaintiff were "administrative."

Accordingly, Defendants' Motion to Dismiss is hereby GRANTED.

### B. Leave to Amend

The Court finds that on the basis of Plaintiff's Complaint, leave to amend would be futile. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401. There are no plausible facts, consistent with Plaintiff's current allegations, that would cure the deficiencies in the Complaint. Accordingly, the Court finds that leave to amend is inappropriate, and Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08363-SVW | Date | February 2, 2012 |
|---|---|---|---|
| Title | Jaffe, M.D. v. Judge Pregerson, et al. | | |

JS - 6

**V.     CONCLUSION**

Taking all of Plaintiff's factual allegations as true, the Court finds that Plaintiff fails to allege sufficient facts to allow an inference that Defendants' actions are outside the scope of judicial immunity. Accordingly, Defendants' Motion to Dismiss is hereby GRANTED WITH PREJUDICE.  The hearing scheduled for February 6, 2012 is hereby VACATED.

:

Initials of Preparer          PMC